UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Matthew Smith, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 1789 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Virginia Kendall |
| Cook County, Cook County Sheriff Tom Dart, | ) | |
| Sgt. Connelly, and Unknown Cook County | ) | Magistrate Judge Kim |
| Correctional Officers 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF
MATERIAL FACTS AND SUPPORTING EXHIBITS**

**NOW COME** the Defendants Sgt. Conley and Cook County ("Defendants"), by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through JOHN POWER, Assistant State's Attorney, and submit this Statement of Facts in support of their Federal Rules of Civil Procedure ("FRCP") Rule 56 Motion for Summary Judgment:

1. Jurisdiction and venue are not disputed.

2. Plaintiff Matthew Smith was at all relevant times and at the time of filing his Complaint, a prisoner. (Ex. 1, Smith Dep. Tr. 36:19-38:10.)

3. On March 20, 2012, Plaintiff was involved in a physical altercation that led to his arrest. (Ex. 1, Smith Dep. Tr. 53:11-72:4.)

4. Plaintiff attempted to steal several bottles of water from a store but was confronted by the clerk. (Id.)

5. Plaintiff responded by punching the clerk several times, and once the clerk fell to the floor, Plaintiff continued to beat the clerk. (Id.)

6. Plaintiff left the store but then quickly returned, where he then became involved

1

in two more physical altercations with first-responders. (Id.)

7. Plaintiff pled guilty to charges related to physical altercations with a medical technician who arrived at the scene, as well as the police officer who attempted to place Plaintiff under arrest. (Id.)

8. Plaintiff later told Investigator Tia Parks of the Cook County Sheriff's Office of Professional Review ("OPR") that, after he was arrested, Chicago Police placed him in a van and beat him. (Ex. 2, Parker Dep. Ex. 1 at p. SAO Smith 878.)

9. On March 22, 2012, prior to coming to CCJ, Plaintiff was involved in an altercation with Chicago Police Sergeant Daniel McCall when he refused to exit lock-up and go to court. (Ex. 3, Parks Dep. Ex 1 at p. SAO Smith 1479)

10. Plaintiff testified that other than what is captured on video, he had no physical altercation with Sgt. Conley in Division 5 on March 22, 2012. (Ex, 1, Smith Dep. Tr. 92:5-21; 99:17-104:24; 117:16-18; 123:13-20; 134:6-19; 136:9-18; 140:10-20; 163:14-17.)

11. Video footage shows Officer Trevizo enter Plaintiff's holding cell in Division 5 on March 22, 2012, and shows Plaintiff attempt to bite Officer Trevizo. (Ex. 4, SAO Smith 1072 at 17:35:00).

12. Officer Trevizo strikes Plaintiff on right side of the face around the eye, causing the left side of Plaintiff's head to bounce off the cinderblock wall. (Id.)

13. Officer Trevizo deployed OC spray to subdue Plaintiff, and while the first deployment of OC spray appears to miss Plaintiff, a subsequent spray strikes Plaintiff in the face. (Id. until 17:36:00.)

14. Video footage shows Sgt. Conley arrive outside of Plaintiff's holding cell in Division 5 and confer with officers, a supervisor, and medical professionals, who decide to send

Plaintiff as a "direct admit" to the psychiatric unit of Cermak Hospital, located on 2-North of Cermak. (Id. at 17:39:40; Ex. 5, Alabi Dep. Ex. 27 at SAO Smith 727-728.)

15. Video footage shows Sgt. Conley and two officers enter Plaintiff's holding cell, place a spit mask over Plaintiff's face, extract Plaintiff from the cell, and with the assistance of other officers and Sgt. Green, carry Plaintiff to a mechanized cart, upon which Plaintiff is placed and transported to Cermak Hospital, a process that lasted approximately three minutes. (Ex. 4 at SAO Smith 1072 at 17:54:00; Ex. 4 at SAO Smith 1073.)

16. Pursuant to common practice and CCJ policy interpreting HIPAA privacy laws, the video camera was turned off once Plaintiff arrived at Cermak Hospital. (Ex. 4 at SAO Smith 1073; Ex. 6, Greene Dep. Tr. 40:8-44:5; Ex. 7, Vale Dep. Tr. 88:2-20; Ex. 8, Queen Dep. Tr. 25:2-21; Ex. 9, Kaloudis Dep. Tr. 100:6-24; Ex. 10, Depke Dep. Tr. 126:20-21; Ex. 11, Conley Dep. Tr. 148:2-149:2.)

17. Sgt. Conley returned to Division 5 after transporting Plaintiff to Cermak Hospital because Sgt. Green was also transporting Plaintiff, there was no need for two sergeants to do that, and Division 5 now did not have any sergeants. (Ex. 11, Conley Dep. Tr. 143:18-145:14; Ex. 6, Green Dep. Tr. 140:19-141:14.)

18. Plaintiff was taken to 2-North pursuant to the direct admit order. (Ex. 5, Alabi Dep. Ex. 27 at SAO Smith 727-728; Ex, 6, Green Dep. Tr. 20:10-17.)

19. On 2-North Plaintiff was conscious and combative, and rolled himself off a gurney, landing on his face and side. (Ex. 6, Green Dep. Tr. 25:19-26:3, 30:13-17; Ex. 10, Depke Dep. Tr. 99:23-101:3.)

20. The nurse on 2-North would not accept Plaintiff until he was first processed through the emergency room in the basement of Cermak Hospital, the common processing point

3

for most Cermak Hospital check-ins, because Plaintiff was combative. (Ex. 12, Tappert Dep. Tr. 86:23-88:17; Ex. 13, Alabi Dep. Tr. 105:9-106:3; 113:5-21.)

21. Plaintiff was then taken to Stroger Hospital. (Ex. 14, Bonaparte Dep. Tr. 83:19-24.)

22. On March 23, 2012, Plaintiff was interviewed by Investigator Tia Parks. (Ex. 2, Parker Ex. 1 at SAO Smith 878.)

23. Plaintiff told Investigator Parks that after he was arrested Chicago Police placed him in a van and beat him, and that the Chicago Police wanted to kill him. (Id.)

24. Plaintiff told Investigator Parks that he attempted to shut down receiving, and that correctional officers then dragged him out of his cell, placed a bag over his head, and beat him. (Id.)

25. Plaintiff's statement to Investigator Parks did not reference any alleged beating in an elevator at Cermak Hospital. (Id.)

26. On April 1, 2012, Plaintiff filed a grievance that references an assault that "took place the day I was processed." (Ex. 15, Smith Dep. Ex. 6.)

27. Plaintiff wrote: "the sheriffs drug me out of my one man cell in receiving, shackled behind my back hands to feet. The two white shirts on duty at that time lead the charge, spraying me with mase. Then they placed a surgical cap (green) over my head so that I couldn't see where they were taking me or who had me. That's when the brutal beating began. After that I remember waking up in Stroger Hospital." (Id.)

28. Plaintiff wrote: "I'm writing this grievance for documentary purposes. Hopefully the individuals responsible for my pain and paranoia will be brought to justice so this doesn't happen again." (Id.)

4

29. By way of response, Plaintiff was told that his grievance needed to be forwarded to CCDOC, but not that the grievance was in fact forwarded to CCDOC for investigation by OPR, or that OPR was conducting an investigation, or than anyone had been or would be "brought to justice." (Id.)

30. Plaintiff did not appeal that response to his grievance. (Id.)

31. Plaintiff's April 1, 2012 grievance does not reference any alleged beating in an elevator in a different part of the jail other than Receiving. (Id.)

32. Plaintiff never checked on the status of any investigation of the allegations in his grievance. (Ex. 1, Smith Dep. Tr. 263:22-264:24.)

33. On April 11, 2012, Plaintiff filed a grievance regarding a subsequent incident alleged to have taken place on April 6, 2012, also allegedly involving Sgt. Conley. (Ex. 15, Smith Dep. Ex. 4)

34. Plaintiff wrote that Sgt. Conley "is the same sgt. responsible for my brutal beating", but the rest of the grievance concerns the alleged April 6 incident and does not indicate what beating Plaintiff is referring to. (Id.)

35. Plaintiff requested "that I be protected from further physical aggression from Sgt. Conley, and for my injuries to be document and treated, as well as the suspension and further disciplinary action to be carried out on all individuals involved in this incident." (Id.)

36. The response to that grievance was that a complaint register form was issued and forwarded OPR. (Id.)

37. Plaintiff did not appeal that response to his grievance. (Id.)

38. That grievance does not reference an assault in an elevator in Cermak. (Id.)

39. Plaintiff never asked anyone about the status of any OPR investigation or

followed-up regarding the OPR investigation. (Ex. 1, Smith Dep. Tr. 263:22-264:24.)

40. On May 28, 2012, Plaintiff wrote, but did not file, a grievance stating, "I am in pain everyday due to the brutal beating that I suffered on 03/22/12 coming through receiving." (Ex. 1, Smith Dep. Tr. 258:18-21; Ex 15, Smith Dep. Ex. 8.)

41. Plaintiff wrote, "I want stronger pain medication. I want to be seen by a doctor. I want rehabilitation for the movement in my shoulders, back, neck, ankle and hands. I want proper compensation for my pain and suffering." (Ex. 15, Smith Dep. Ex. 8.)

42. Plaintiff never appealed that grievance, and has not received any compensation. (Ex. 1, Smith Dep. Tr. 263:19-21; 261:7-14.)

43. During Plaintiff's time at CCJ, there was an established grievance procedure which detainees were required to comply with in order to exhaust their administrative remedies. (Ex. 16, Mueller Dep. Tr. 21:20-22:1; 25:8-26:4; 54:2-18; 69:19-72:23.)

44. Plaintiff was familiar with the grievance procedure and filed grievances regarding an alleged incident on March 22, 2012, as well as other incidents. (Ex. 1, Smith Dep. Tr. 226:6-228:10; Ex. 15, Smith Dep. Ex. 3-8.)

45. The grievance procedure required detainees to file a grievance within 15 days of the incident they were complaining about, and to file an appeal within 14 days after receiving a response to their grievance. (Ex. 16, Mueller Dep. Tr. 36:10-20; 39:9-19; 45:23-46:17; 65:17-66:6; 96:8-97:21; 207:15-208:2.)

46. No Correction Rehabilitation Worker ("CRW") ever refused to accept one of Plaintiff's grievances, and Plaintiff was never prevented from filing any grievances. (Ex. 1, Smith Dep. Tr. 229:12-14; 231:23-232:19; 233:3-6.)

47. In order to exhaust their administrative remedies, detainees are required to appeal

grievances referred to OPR. (Ex. 16, Mueller Dep. Tr. 78:17-23; 166:24-168:11; 172:19-173:9.)

48. Plaintiff failed to exhaust his administrative by failing to file a grievance about an alleged beating in an elevator in Cermak Hospital, and by failing to appeal his grievances. (Ex. 16, Mueller Dep. Tr. at 160:23-161:5; 213:6-214:13; 217:8-14; 219:9-220:10; 221:23-222:20; 223:16-224:3.))

49. Plaintiff's grievances only reference an alleged assault in Receiving. Plaintiff has admitted such an assault did not take place. (Ex. 1, Smith Dep. Tr. 288:2-289:16; 293:18-24.)

50. Plaintiff never provided prison administrators with any information about an alleged assault in an elevator at Cermak Hospital, and the complaint Plaintiff filed in this action also does not allege an assault in an elevator in Cermak Hospital. (Ex. 17, Parks Dep. Tr. 55:12-21; 85:13-23; 87:10-88:14; 101:10-102:7; 134:8-20.)

51. Plaintiff wrote on his grievance forms that he wanted treatment for his injuries, suspension and further discipline of the officers involved, transfer of officers to different divisions, for the officers involved to be brought to justice, and for compensation for his pain and suffering. (Ex. 15, Smith Dep. Exs. 4-8.)

52. Plaintiff has admitted that Sgt. Conley did not use any excessive force on him in Division 5. (Ex. 1, Smith Dep. Tr. 288:2-289:16; 293:18-24; 295:2-17.)

53. The videotape documenting Plaintiff's time in Division 5 shows that Officer Trevizo struck Plaintiff and deployed OC spray after Plaintiff attempted to bite him. (Ex. 4 at SAO Smith 1072.)

54. The videotape shows Sgt. Conley lead a team of officers into Plaintiff's cell and use force to extract Plaintiff from that cell and transport him to Cermak Hospital. (Ex. 4 at SAO Smith 1072-1073.)

7

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

*/s/ John Power*
John Power
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Il 60602
(312) 603-4370


## CERTIFICATE OF SERVICE

     I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 31st day of August, 2016.

*/s/ John Power*
JOHN POWER